UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK      FOR ONLINE PUBLICATION ONLY

LEON BRYANT and CYNTHIA BRYANT,

                       Plaintiffs,

- versus -

CARLISLE CARRIER CORP. and CALVIN A. FRANCIS,

                       Defendants.

MEMORANDUM AND ORDER
13-CV-578

A P P E A R A N C E S:

    KOENIGSBERG & ASSOCIATES
        1213 Avenue U
        Brooklyn, NY 11229
    By:    Paul Koenigsberg
        *Attorneys for Plaintiff*

    WILSON, ELSER, MOSKOWITZ, EDLEMAN & DICKER, LLP
        150 East 42nd St.
        New York, NY 10017-5639
    By:    John A. Hsu
        *Attorneys for Defendants*

JOHN GLEESON, United States District Judge:

        Leon Bryant and Cynthia Bryant allege that the defendants are responsible for injuries the Bryants suffered in a motor vehicle accident that occurred on May 19, 2012, in Brooklyn, New York. *See* ECF No. 1, Notice of Removal. Defendants move to amend their answer to assert a counterclaim against plaintiff Leon Bryant. For the reasons explained below, defendants' motion is granted.

BACKGROUND

        Plaintiffs filed a complaint in New York Supreme Court, Kings County, on December 19, 2012, which was removed to this court by defendants on January 31, 2013,

pursuant to 28 U.S.C. § 1332. ECF No. 1, Notice of Removal. The defendants answered the complaint on March 8, 2013, and Magistrate Judge Marilyn Go held an initial conference on March 21, 2013. At the conference, Judge Go issued a scheduling order setting, *inter alia*, May 10, 2013, as the deadline for any motion for leave to amend or join other parties and requiring fact discovery to be completed by June 29, 2013. ECF Minute Entry, March 21, 2013. The deadline to complete fact discovery was extended twice, first until September 30, 2013 (ECF Order, June 17, 2013) and then until October 28, 2013 (ECF Order, September 26, 2013). The deadline for expert discovery was extended first until November 15, 2013, and then until December 12, 2013. *Id.* Defendants requested a pre-motion conference regarding a motion to amend the answer to assert a counterclaim against Leon Bryant on December 18, 2013. ECF No. 21. No pre-motion conference was held; a briefing schedule was set and the motion was taken on submission.

## DISCUSSION

A. *Legal Standard*

Federal Rule of Civil Procedure 15(a)(2) provides that outside the time period in which a party may amend their pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In general, this means that a motion to amend should be granted unless there is evidence of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *see also Alexandre v. Town of Hempstead*, 275 F.R.D. 94, 97 (E.D.N.Y. 2011) (same). Delay alone, "absent a showing of bad faith or undue prejudice, does not provide a basis for a district

2

court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981) (granting leave to amend after discovery was closed, but where there was no undue prejudice to the defendants and "no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants"); *accord Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir. 1993); *Alexandre*, 275 F.R.D. at 97-98.

Where, like here, the Court has issued a scheduling order pursuant to Federal Rule of Civil Procedure 16, the schedule may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause [under rule 16(b)]."). The Second Circuit has explained that good cause "depends on the diligence of the moving party," *Parker*, 204 F.3d at 340, as well as "other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [the non-moving party]." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). In determining prejudice, courts consider whether the proposed amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. *Block*, 988 F.2d at 350.

B. *Defendants' Motion to Amend*

The defendants seek to assert a counterclaim against Leon Bryant, the driver of the automobile involved in the crash, for contribution for the injuries alleged by Cynthia Bryant, the passenger in the automobile.

3

1. *Good Cause Under Rule 16(b)(4)*

Defendants have shown good cause for the Court to modify the Rule 16 scheduling order. The basis for asserting this proposed counterclaim against Leon Bryant is the deposition of codefendant Calvin Francis, the driver of the truck involved in the accident. This deposition was completed on October 11, 2013. *See* Defs. Br. 7-8. The delay of just over two months from the completion of Francis's deposition to the filing of defendants' request for a pre-motion conference relating to the motion to amend does not demonstrate a lack of diligence on the part of the defendants.

Plaintiffs will not be unduly prejudiced by this amendment. Although some additional discovery will be required, the issue presented in the counterclaim is identical to the issue at the center of plaintiffs' claims – who is responsible for causing the accident – thus, any added discovery should not require plaintiffs to expend significant additional resources. Furthermore, this counterclaim should not significantly delay the resolution of this dispute. This is not an instance of a motion to amend a pleading on the eve of trial; no trial date has yet been set and the parties have still not completed expert discovery. *Compare State Teachers*, 654 F.2d at 856 (holding district court abused its discretion by denying leave to amend when "[it] is not a case where the amendment came on the eve of trial and would result in new problems of proof."), *with Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 45 (2d Cir. 1983) (reversing district court's decision to grant defendant leave to amend answer "nearly three years after the answer was filed, after a pre-trial order, and on the eve of trial."). Plaintiffs point out that "the longer the period of an unexplained delay, the less will be required of the non-moving party in terms of a showing of prejudice," *Evans*, 704 F.2d at 46 (quoting *Advocat v. Nexus Industries,*

*Inc.*, 497 F. Supp. 328, 331 (D. Del. 1980)), but the delay here is neither unexplained nor particularly long.

    2. *Rule 15(a)*

Having found that defendants have shown good cause under Rule 16, it follows that leave to amend should be granted under the more liberal standard of Rule 15(a). *See Parker*, 204 F.3d at 340. As discussed above, there is no evidence of undue delay, bad faith, dilatory tactics, undue prejudice to the plaintiffs, or futility. *See Quaratino*, 71 F.3d at 66. Thus, defendants' motion to amend is granted pursuant to Rule 15(a).

## CONCLUSION

For the reasons set forth above, defendants' motion to amend the answer to assert a counterclaim against plaintiff Leon Bryant is granted.

So ordered.

John Gleeson, U.S.D.J.

Dated: February 25, 2014
       Brooklyn, New York